UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JASON T. WEBBER, | Docket No. |
| Plaintiff, | **COMPLAINT** |
| -against- | **07 CIV. 0988** |
| C.E.C. ENTERTAINMENT, INC. d/b/a CHUCK E. CHEESE'S and CHAD E. CHESLEY, | **BRIEANT** |
| Defendants. | |

---

Plaintiff, JASON T. WEBBER, by his attorneys, Foulke Law Offices as and for his Complaint against defendants, C.E.C. Entertainment, Inc. d/b/a Chuck E. Cheese's ("C.E.C.") and Chad E. Chesley, alleges as follows:

### Jury Demand

1. Plaintiff, Jason T. Webber, demands a trial by jury of all issues in this action.

### Nature of Action

2. This is an action to recover damages against defendants C.E.C. and Chad E. Chesley for unlawful retaliation and discriminatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

### The Parties

3. Plaintiff, Jason T. Webber, was employed as an Assistant Manager, by defendant C.E.C. Entertainment, Inc. d/b/a Chuck E. Cheese's (C.E.C.) until he was unlawfully terminated on or about October 10, 2003.

4. At all times mentioned herein, Jason T. Webber was and is a resident of the City of Middletown, County of Orange and State of New York.

5. At all times mentioned herein, plaintiff was employed as Assistant Manager of the Chuck E. Cheese's restaurant owned and managed by defendant C.E.C. located at 8 Orange Plaza Lane in the City of Middletown, County of Orange, and State of New York.

6. Upon information and belief, defendant C.E.C. is and, at all times hereinafter mentioned, was a foreign corporation duly organized and authorized to do business in the State of New York.

7. Upon information and belief, defendant C.E.C. is a domestic corporation duly organized and authorized to do business in the State of New York.

8. At all times mentioned herein, defendant C.E.C. operated a restaurant known as Chuck E. Cheese's located at 8 Orange Plaza Lane, Middletown, New York and the actions complained of arose out of the operation of the restaurant located at 8 Orange Plaza Lane, Middletown, New York.

9. Upon information and belief, defendant C.E.C.'s primary corporate offices for business is located at 4441 West Airport Freeway, Irving, TX 75062.

10. At all times mentioned herein, defendant Chad E. Chesley was employed by defendant C.E.C. as an Area District Manager.

11. At all times mentioned herein, defendant Chad E. Chesley had supervisory and managerial authority over plaintiff.

12. At all times mentioned herein, defendant C.E.C. is responsible for the actions of Chad E. Chesley, its supervisor, employee, agent and representative under principles of vicarious liability and respondeat superior.

13. Upon information and belief, defendant Chad E. Chesley is a resident of the County of Pike and State of Pennsylvania.

14. On or about November 5, 2003, within 300 days of the accrual of the cause of action herein and within 300 days of the last act of a continuous course of retaliatory conduct, plaintiff Jason T. Webber filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") which Charge, upon information and belief, was dually filed with the New York State Division of Human Rights.

15. After investigation, on or about September 15, 2006, the District Director for the EEOC, New York District Office, issued a final determination concluding that Mr. Webber had established that he was discriminated against on the basis of retaliation in violation of Title VII of the Civil Rights Acts of 1964.

16. On or about December 22, 2006, Spencer H. Lewis, Jr., the District Director of the EEOC, New York District Office, issued a Notice of Right to Sue authorizing Jason T. Webber to proceed with his case of employment discrimination and unlawful retaliation under Title VII.

17. This action was timely commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

## Jurisdiction and Venue

18. This Court has subject matter jurisdiction over plaintiff's claims in this action pursuant to Title 28 U.S.C. § 1331 and pursuant to principles of pendent jurisdiction.

19. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e).

20. Plaintiff and each of the defendants reside, are found, transact business, have agents and are within the jurisdiction of this district and of this Court for the purposes of service of process.

21. Venue is proper in this district as to each defendant pursuant 28 U.S.C. § 1391.

## Statement of Facts

22. Jason T. Webber was hired by C.E.C. during July 2001 and commenced working at C.E.C. in the Middletown restaurant in Orange County New York in approximately October 2001.

23. Mr. Webber was hired as an Assistant Manager for the Chuck E. Cheese's restaurant located at 8 Orange Plaza Lane in Middletown, New York. His duties and responsibilities as Assistant Manager included opening and closing the restaurant including handling the cash, bookkeeping, employment issues, supervision of operations, purchasing, hiring, firing, and other managerial duties.

24. At all times, Mr. Webber performed his job duties satisfactorily and prior to January 2003, he never received negative feedback and anything less than satisfactory performance evaluations.

25. At all times mentioned herein, plaintiff performed his job responsibilities as Assistant Manager in a timely, professional and satisfactory manner and received pay raises and praise for his work.

26. By the time of his unlawful termination on or about October 10, 2007. Mr. Webber earned approximately $38,000 per year annual salary.

27. On or about January 7, 2003, six female employees reported allegations of sexual harassment to Assistant Manager Webber. The allegations of sexual harassment were made against the General Manager of the Chuck E. Cheese's restaurant located in Middletown, New York, Mr. Joe Blowers.

28. Upon receipt of the sexual harassment complaints, Mr. Webber reported the sexual harassment complaints to a human resource representative, Ms. Jackie Washington, and faxed the six complaints to Ms. Washington.

29. Upon information and belief, General Manager Joe Blowers was a close personal friend and roommate of the Area District Manager, defendant Chad E. Chesley.

30. After Mr. Webber reported the sexual harassment complaints, an investigation was conducted by the Area District Manager, defendant Chad E. Chesley, into the validity of the complaints and Mr. Blowers was thereafter terminated immediately.

31. At or about the time of Mr. Blowers termination, defendant Chad E. Chesley, the Area District Manager, visited the Middletown restaurant and screamed at plaintiff for an extended period of time threatening to fire him in retaliation for his reporting his close friend's sexual harassment.

32. During this confrontation, Mr. Chesley stated, in sum and substance, that there would be no advancement for Mr. Webber within C.E.C. and at one time made physical gestures threatening physical violence.

33. During the ensuing nine months, plaintiff was constantly inundated with retaliatory actions which greatly interfered with his ability to do his job in an attempt by defendant Chesley to force Mr. Webber to resign his position.

34. Thereafter, defendant Chesley engaged and conspired with three acting general managers, Bruce from the Bronx restaurant, George Aguilar and Howard Tannenbaum to make working conditions so intolerable that plaintiff would be forced to resign his position.

35. The actions taken by Mr. Chesley and his co-conspirators described above included, but were not limited to, the following:

- forcing Mr. Webber to continue working up to four hours after his regularly scheduled shift had ended;
- frequently and needlessly changing Mr. Webber's schedule up to two times per week after the schedule had been posted;

5

- suggesting to New York State Police that plaintiff had stolen money from C.E.C.;

- rescheduling Mr. Webber's day off as Monday and then requiring that he attend the weekly manager's meeting which were always scheduled for Mondays;

- repeatedly changing posted weekly schedule without notifying Mr. Webber of changes;

- attempting to solicit false negative written commentary from employees concerning Mr. Webber's management skills;

- engaging, allowing, permitting, conspiring with and assisting the Assistant Manager, Mr. Jeff Plura, in harassing Mr. Webber including frequent verbal attacks and unwarranted, negative, hostile comments about Mr. Webber's work performance to many of the store employees and undermining Mr. Webber's authority with the employees;

- allowing, permitting, encouraging and assisting Mr. Jeff Plura in falsely staging a table as if it had not been properly cleared the night before during Mr. Webber's shift in an attempt to falsely frame Mr. Webber for not performing duties properly.

36. During employee meetings, the Area District Manager, defendant Chad Chesley, repeatedly and without cause or justification engaged in verbal attacks berating Mr. Webber including comments that Mr. Webber "was not worth the money he was being paid", and that "Mr. Webber would never be a general manager", and making other verbal attacks designed to make the work place intolerable and force Mr. Webber to resign.

37. On or about approximately September 27, 2003, a 17-year old female of

6

defendant C.E.C., Ms. Adrianna Perkins, lodged a formal complaint against Mr. Jeff Plura, an Assistant Manager at the Middletown Chuck E. Cheese's restaurant. In sum and substance, Ms. Perkins charged that Jeffrey Plura had placed a knife against her back and forced her to walk approximately 15 feet before releasing her and on another occasion he grabbed her by pressure points of the neck and back and pushed her into the kitchen.

38. On September 29, 2003, Ms. Aesha Polanco, another 17-year old female employee at the Middletown Chuck E. Cheese's restaurant, also filed a formal complaint against Assistant Manager Jeff Plura. In sum and substance, Ms. Polanco alleged that Jeff Plura had touched her inappropriately on several occasions, had kicked her in her buttocks, and struck her with a stick below her waist and struck her with boxes.

39. Ms. Polanco also alleged that Mr. Plura had made various sexual harassing comments including "you look like a tart. If I were your father, I would put you on my lap and spank you". Ms. Polanco also alleged that Mr. Plura said "if you were older and I was younger, I would go out with you" and had inquired whether she was a "virgin".

40. On or about September 29, 2003, Mr. Webber reported Ms. Perkins' and Ms. Polanco's verbal and physical sexual harassment complaints against Mr. Plura to Jackie Washington, the Human Resources representative.

41. On or about October 2, 2003 defendant C.E.C., through its General Managers Mr. Randy White and Howard Tannenbaum, conducted a cursory investigation into Ms. Polanco's and Ms. Perkins' allegations. This pretextual investigation did not even include an interview of the witness who witnessed Mr. Plura's assault with a knife against Mr. Adrianna Perkins.

42. At all times Mr. Randy White and Mr. Howard Tannenbaum were agents and employees of C.E.C., and C.E.C. is vicariously liable for their actions under principles of vicarious liability and respondeat superior.

7

43. On information and belief, Mr. Jeff Plura was never questioned or interviewed concerning the allegations.

44. Defendant C.E.C. never conducted a proper or in depth investigation into Mr. Perkins' and Ms. Polanco's allegations against Mr. Plura. On information and belief, Mr. Plura was never even interviewed and no disciplinary actions were ever taken against Mr. Plura.

45. On October 10, 2003, defendant Chad Chesley promptly terminated Mr. Webber effective immediately. C.E.C. and Mr. Chesley terminated plaintiff only ten days after he reported Ms. Perkins' and Ms. Polanco's sexual harassment allegations against Assistant Manager Plura.

46. C.E.C. and Mr. Chesley wrongfully terminated Mr. Webber in retaliation for his reporting sexual harassment complaints against Mr. Blowers and against Mr. Plura.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unlawful Retaliation in Violation of Title VII)

47. Plaintiff repeats and realleges paragraphs 1 through 46 inclusive as if fully set forth herein at length.

48. At all times mentioned herein, Jason Webber acted in good faith in compliance with employee manuals and properly reporting unwelcome sexual and/or gender based harassment conduct against Mr. Joe Blowers and Mr. Jeff Plura.

49. At all times, plaintiff's actions in reporting the hostile gender based conduct to Human Resources constituted protected activity.

50. After reporting the allegations made against Mr. Blowers, defendant Chad Chesley engaged and conspired with other managers and Assistant Managers including Mr. Jeff Plura to force Mr. Webber to resign his position as Assistant Manager and otherwise retaliate against him for bringing and filing the allegations of harassment against Mr. Joe Blowers, Mr. Chesley's good friend and roommate.

51. Defendant C.E.C. is at all times responsible for the conduct of its supervisors and managers including General Managers Howard Tannenbaum and Randy White and Area District Manager Chad Chesley. C.E.C. is vicariously responsible for the acts of its supervisors and managers including Chad Chesley.

52. After reporting General Manager Joe Blowers' sexual harassment, Area District Manager Chad Chesley conspired with Assistant Manager Jeff Plura to set up, harass and force Mr. Webber from his position as Assistant District Manager in direct retaliation for his reporting the sexual harassment complaints against Blowers.

53. On October 10, 2003, Mr. Webber was abruptly terminated after reporting inappropriate gender based conduct against Assistant Manager Jeff Plura, another good friend of Area District Manager Chad Chesley.

54. In direct retaliation for reporting the sexual harassment allegations against Blowers and Plura, Mr. Chad Chesley abruptly terminated Mr. Webber.

55. Defendant C.E.C.'s and Chesley's conduct was in violation of the Civil Rights Act of 1964, 41 U.S.C.§ 2000(e) et seq.

56. Plaintiff was caused to and did sustain damages in a sum to be determined by a jury before this Court including compensatory damages for emotional pain and suffering.

57. Additionally, plaintiff seeks to recover front pay and back pay with interest, compensatory damages, attorney's fees and all other monetary damages to which he is entitled to recover under Title VII.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
(Unlawful Retaliation in Violation of the
New York State Human Rights Law)

58. Plaintiff repeats and realleges paragraphs 1 through 46 and 47 through 57 inclusive as if fully set forth herein at length.

59. At all times the retaliatory actions described above and the unlawful termination of Mr. Webber as described above was directed against Mr. Webber in direct retaliation for his lawfully reporting the sexual harassment complaints in accordance with C.E.C.'s company policy as expressed in the employee manual.

60. Defendant C.E.C. and Chesley's conducts were in violation of the New York States Human Rights Law, N.Y. Exec Law § 290 et seq.

61. As a result of the retaliatory conduct including discriminatory termination of Mr. Webber, he was caused to and did sustain damages in a sum to be determined by a jury which sum includes compensatory damages for emotional pain and suffering, front pay and back pay with interest, attorney's fees, punitive damages, and all other monetary damages to which he is entitled to recover under the New York States Human Rights Law.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
(Discriminatory Discharge in Violation of Title VII )

62. Plaintiff repeats and realleges paragraphs 1 through 46, 47 through 57, and 58 through 61 inclusive as if fully set forth herein at length.

63. On or about October 10, 2003, C.E.C. unlawfully terminated plaintiff under the circumstances set forth above.

64. At all times mentioned herein, plaintiff Jason Webber was engaged in protected activity and the reporting of sexual harassment by Chuck E. Cheese's managers was protective activity.

65. At all times mentioned herein, plaintiff Jason Webber was a member of a protected class.

66. At all times mentioned herein, the retaliatory actions described herein resulting in the termination of Mr. Webber, reflected a discriminatory animus directed against Mr. Webber for lawfully reporting allegations of sexual harassment.

67. On October 10, 2003, in further retaliation from Mr. Webber's lawful reporting of sexual harassment against Mr. Blowers and against Mr. Plura, he was suddenly and promptly terminated in violation of Title VII of the Civil Rights Act of 1964.

68. Plaintiff was caused to sustain damages including compensatory damages for emotional pain and suffering. Plaintiff seeks to recover front pay and back pay with interest, compensatory damages, attorney's fees, and all other monetary damages to which he is entitled to recover under Title VII of the Civil Rights Act of 1964 for discriminatory discharge.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
(Discriminatory Discharge in Violation of
the New York State Human Rights Law)

69. Plaintiff repeats and realleges paragraphs 1 through 46, 47 through 57, 58 through 61, and 62 through 68 inclusive as if fully set forth herein at length.

70. On or about October 10, 2003, C.E.C. unlawfully terminated plaintiff under the circumstances set forth above.

71. At all times mentioned herein, plaintiff Jason Webber was engaged in protected activity and the reporting of sexual harassment by Chuck E. Cheese's managers was protective activity.

72. At all times mentioned herein, plaintiff Jason Webber was a member of a protected class.

73. At all times mentioned herein, the retaliatory actions described herein resulting in the termination of Mr. Webber, reflected a discriminatory animus directed against Mr. Webber for lawfully reporting allegations of sexual harassment.

74. On October 10, 2003, in further retaliation from Mr. Webber's lawful reporting of sexual harassment against Mr. Blowers and against Mr. Plura, he was suddenly and promptly terminated in violation of the New York States Human Rights Law.

11

75. Plaintiff was caused to sustain damages including compensatory damages for emotional pain and suffering. Plaintiff seeks to recover front pay and back pay with interest, compensatory damages, attorney's fees, and all other monetary damages to which he is entitled to recover under the New York States Human Rights Law for discriminatory discharge.

WHEREFORE, plaintiff demands judgment as follows:

(a) On plaintiff's Third Cause of Action in a sum to be determined by a jury;

(b) On plaintiff's Second Cause of Action in a sum to be determined by a jury;

(c) On plaintiff's Third Cause of Action in a sum to be determined by a jury;

(d) On plaintiff's Fourth Cause of Action in a sum to be determined by a jury;

(e) Punitive damages in an amount to be determined by a jury;

(f) Front pay, back pay and compensatory damages for emotional pain and suffering;

(g) Awarding plaintiff costs, disbursements and reasonable attorney's fees as authorized by Title VII; and

(h) For such other and further relief as plaintiff is entitled under applicable law and is reasonable and just in these circumstances.

Dated: Goshen, New York
February 8, 2007

FOULKE LAW OFFICES

By: _____
Evan M. Foulke, Esq.
Attorneys for Plaintiff
1997 Route 17M
P.O. Box 239
Goshen, New York 10924
845-294-4308

TO: C.E.C. Entertainment, Inc.
8 Orange Plaza Lane
Middletown, NY 10940

Chad E. Chesley
c/o C.E.C. Entertainment, Inc.
8 Orange Plaza Lane
Middletown, NY 10940